UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JANET TAYLOR, f/k/a JANET DAVISON, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| TRINITY MEDICAL CENTER, an Illinois Not-for-Profit Corporation, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Janet Taylor, f/k/a Janet Davison, by and through her attorneys, Katz, Huntoon & Fieweger, P.C., and for her Complaint against defendant Trinity Medical Center, d/b/a Robert Young Center, states as follows:

1. Janet Taylor, f/k/a Janet Davison, was, at all relevant times to this cause of action, a resident of Milan, Illinois.

2. Defendant Trinity Medical Center, is an Illinois Not-for-Profit Corporation, d/b/a in Rock Island County, Illinois under the name of Robert Young Center.

3. Janet Taylor was hired by Trinity Medical Center's Robert Young Center in the Community Support Program as a mental health professional on a full-time basis on October 11, 2007.

4. Subsequently, Janet Taylor worked as a case manager and was given the title of "PSR Coordinator."

5. At all relevant times, Janet Taylor worked as a mental health professional and had a master's degree in social work.

6.  At all material times herein Janet Taylor was fully performing her job duties to the satisfaction of her employer.

7.  Janet Taylor is a person with a disability as defined under the Americans With Disabilities Act, 42 U.S.C. § 11-101, *et seq.*, having suffered from bipolar disorder and other mental health disabilities for over 20 years and which have resulted in major daily life activity functional limitations such as difficulty with sleep, concentration, mind splintering, long-term memory recall, inability to handle stress, depression and mood swings.

8.  Prior to the commencement of this action, Janet Taylor has exhausted her administrative remedies in that she previously filed charges of discrimination with the Equal Employment Opportunity Commission and the Illinois Human Rights Commission, and has received her Notice of Right to Sue.  (Attached as Exhibit 1 is a true and correct copy of the US. Equal Employment Opportunity Commission Notice of Right to Sue which is hereby incorporated as a part of this Complaint.)

9.  At all times material herein, Janet Taylor, despite her disability, was able to perform her job duties as a mental health professional in the Community Support Program of Trinity Medical Center's Robert Young Center in a manner that met Trinity Medical Center's business expectations, specifically as a Case Manager with an additional title of PSR Coordinator at a case manager level of pay.

10.  In the weeks before October 1, 2009, Trinity Medical Center made the decision to eliminate Janet Taylor's position as Case Manager despite Janet Taylor meeting all legitimate business expectations in her performance as a Case Manager.

11.  Nonetheless, at the time the decision was made to eliminate Janet Taylor's position, October 1, 2009, two Case Manager positions were open to which Janet Taylor did not and could not apply because she was not aware that her position was being eliminated.

12.  Nonetheless, the two open Case Manager positions were filled with mental health professionals with only four year degrees.

13.  Janet Taylor was not considered for those two open case manager positions at the time the decision was made to eliminate her position because of her mental health disabilities.

14.  Also, at the time the decision was made to eliminate Janet Taylor's position, two master level positions for which Janet Taylor was also qualified were open but she was not considered for either of those positions because of her mental health disabilities and she did not apply because Trinity had not told her that her position was being eliminated.

15.  Shortly after being informed that her position was being eliminated, Janet Taylor applied for two master level positions at Trinity Medical/Robert Young Center's "Riverside" location but, contrary to Trinity's policies, Janet Taylor was not contacted by the hiring manager regarding the possibility of an interview, was not granted an interview and was not hired, because of her disabilities.

16.  Trinity Medical Center provided Janet Taylor with only one option of continued employment at Trinity; namely, a one year temporary position in a state grant funded position with no benefits.

17.  Subsequently, from the time of her position's elimination, Janet Taylor applied for numerous positions with Trinity Medical Center on a full-time basis with benefits including positions such as Mental Health Rehab Specialist, Qualified Mental Health Professionals and other positions and despite being qualified for each and every position was not interviewed, in

violation of Trinity's policies for internal candidates meeting minimum qualifications, and such violations were continuing violations by Trinity and included one or more of the following positions:

    A. Qualified Mental Health Professional (6411) applied September 25, 2009;

    B. Qualified Mental Health Professional (6747) applied September 25, 2009;

    C. Mental Health Professional (5273) applied September 25, 2009;

    D. Mental Health Professional (6088) applied September 25, 2009;

    E. Mental Health Rehabilitation Specialist (6069) applied September 26, 2009;

    F. Mental Health Rehabilitation Specialist (6094) applied September 26, 2009;

    G. Mental Health Professional (7164) applied October 14, 2009;

    H. Qualified Mental Health Professional (7327) applied October 31, 2009;

    I. Mental Health Professional (7508) applied November 6, 2009;

    J. Mental Health Rehab Specialist (8268) applied January 7, 2010;

    K. Qualified Mental Health Professional (7807) applied January 7, 2010;

    L. Mental Health Rehab Specialist (7403) applied January 27, 2010;

    M. Qualified Mental Health Professional (7607) applied January 27, 2010;

    N. Mental Health Professional (8693) applied February 22, 2010;

    O. Mental Health Professional (9830) applied May 5, 2010;

    P. Mental Health Professional (9831) applied May 5, 2010;

    Q. Lead LMPH Supervisory Team (9829) applied May 5, 2010;

    R. Licensed Mental Health Professional (9217) applied May 6, 2010;

    S. Licensed Mental Health Professional (9220) applied May 6, 2010;

    T. Manager Clinical MHOP (7868) applied May 6, 2010;

    U.  Mental Health Professional (10035) applied May 12, 2010;

    V.  Crisis Clinical QMHP (10215) applied May 19, 2010;

    W.  Licensed Mental Health Professional (10213) applied May 19, 2010;

    X.  CDTR Managed Care Precedence (10408) applied June 10, 2010;

    Y.  Qualified Mental Health Professional (10662) applied June 14, 2010;

    Z.  Licensed Mental Health Professional (10479) applied June 30, 2010;

    AA.  Licensed Mental Health Professional (10480) applied June 30, 2010;

    BB.  Crisis Clinician QMHP (10957) applied July 8, 2010;

    CC.  Qualified Mental Health Professional (11389) applied July 28, 2010;

    DD.  Mental Health Case Manager (12051) applied August 27, 2010;

    EE.  Mental Health Professional (10035) applied October 16, 2010;

    FF.  Mental Health Professional (9830) applied October 16, 2010;

    18.  That for one or more of the applications listed above, Janet Taylor met the minimum qualifications, was denied an interview in violation of Trinity Medical Center's policies on internal candidates, and was refused and was denied the positions due to continuing discrimination by Trinity Medical Center as a result of Janet Taylor's mental health history and disabilities.

    19.  As a direct result of defendant Trinity Medical Center's acts of disability discrimination, Janet Taylor has suffered damages including loss of pay and benefits in the past, present and future, has suffered damages in the loss of increased pay which she would have earned had she received promotions or general wage increased, has suffered damages of extreme and repeated mental and emotional distress, is entitled to equitable relief including, but not

limited to, instatement to one or more of the positions and/or in lieu thereof is entitled to recover front pay and is entitled to recover her costs including attorneys' fees and expert witness fees.

20.   In addition thereto, due to Trinity Medical Center's discriminatory actions, Janet Taylor is entitled to recover exemplary or punitive damages against Trinity Medical Center for its intentional acts of discrimination.

WHEREFORE, Janet Taylor hereby requests that this court enter judgment in her favor and against Trinity Medical Center, an Illinois Not-for-Profit Corporation, in an amount of actual damages equal to plaintiff's loss of pay, and benefits in the past, present and future, to compensate her for her mental and emotional distress damages, grant equitable relief, including instatement or reinstatement to positions that she should have been promoted to or would have been promoted to had she remained employed or been given the position sought or in lieu of reinstatement an award of front pay, damages that award her exemplary or punitive damages and award her her costs and attorneys' fees and expert witness fees all in an amount in excess of the jurisdictional limits.

JANET TAYLOR, f/k/a<br>JANET DAVISON, Plaintiff<br><br>By: /s/John F. Doak

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone:  309-797-3000
Fax:  309-797-2167
Email:  jdoak@katzlawfirm.com
s:\JFD\DavisonJanet\Complaint